JjPER CURIAM.
Writ granted. The Indigent Defender Board (“IDB”) is obligated to pay the court-approved expenses of all defendants who have been determined by a trial court to be “indigent.” As we stated in State v. Craig, 93-2515, 93-2654, 93-2589, p. 6 (La. 5/23/94); 637 So.2d 437, 443 (La.1994), “all attorneys representing indigents are ‘appointed’ by the court, whether employed or affiliated with [an indigent defender program] or not.”
However, given the IDB’s duties as administrator of the district’s indigent defense fund, the IDB has a right to be present at an indigency determination involving a defendant, such as the defendant in this case, who was initially represented by the IDB but has since retained private counsel. See LSA-R.S. 15:147(A)(2), 148(A). Therefore, we vacate the trial court’s ruling that this defendant is indigent and remand this ease for a new contradictory hearing, in which the Indigent Defender Board shall actively participate, to determine the indigency vel non of the defendant. Should the defendant again be declared indigent by the trial court, the Indigent Defender Board shall nevertheless be allowed to present evidence demonstrating the extent to which the defendant is able to pay for the costs of his own defense. Compare LSA-R.S. 15:148(0(1). The trial court shall only order the Indigent Defender Board to pay those defense costs approved by the trial court which the defendant himself is unable to pay.
WRIT GRANTED; JUDGMENT OF THE TRIAL COURT IS VACATED; CASE REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.
KIMBALL, J., would grant and docket.
DENNIS, J., not on panel.